ELECTRIC GOODS MFG. CO. v. KOLTONSKI.

(Circuit Court, D. Maine. July 28, 1909.)

No. 637.

**1. REFORMATION OF INSTRUMENTS (§ 39*)—MISTAKE—CONSTRUCTION.**

On demurrer to a bill to reform a written contract for mistake or to cancel it and to enjoin an action at law brought thereon, it is not necessary to construe the contract.

[Ed. Note.—For other cases, see Reformation of Instruments, Dec. Dig. § 39.*]

**2. REFORMATION OF INSTRUMENTS (§ 36*)—MISTAKE—BILL.**

Where a bill to reform or cancel the memorandum of a contract for the payment of royalties for the manufacture and sale of a patented article, and to restrain the prosecution of an action at law thereon, alleged an agreement and the making of a written memorandum thereof which was made a part of the bill, and which was the memorandum sued on in the action at law, but did not plead that there was a prior contract which constituted the true agreement, nor allege that the written contract was intended to evidence the oral agreement, but by mistake and inadvertence failed to do so, it was insufficient, either as a bill for reformation or for cancellation.

[Ed. Note.—For other cases, see Reformation of Instruments, Dec. Dig. § 36.*]

**3. EQUITY (§ 145*)—BILL—DOUBLE ASPECT.**

Under the federal equity rules, a bill may be properly framed with a double aspect for the reformation of a written contract, or, if that cannot be allowed, for cancellation thereof.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 145.*]

**4. EQUITY (§ 142*)—BILL—CERTAINTY.**

Relief in equity cannot be granted on facts merely suggested in the prayer and not charged with reasonable distinctness, under the rule that pleadings must be taken most strongly against the pleader.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 142.*]

**5. EQUITY (§ 145*)—BILL—DOUBLE ASPECT.**

A bill in equity with a double aspect must state each separately and distinctly.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 339; Dec. Dig. § 145.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. On demurrer to bill.

Edward P. Payson, for complainant.

Warner, Warner & Stackpole, for respondent.

HALE, District Judge. This case comes before the court on the respondent's demurrer to the bill in equity. The bill is brought to prevent the prosecution of an action at law upon a written contract which undertakes to guarantee certain payments or royalties to the respondent, in consideration of a license to make and vend lamp sockets under a patent issued to him. The bill is framed with a double aspect. It is directed to obtaining a decree that the respondent is not entitled to royalties or other payments under his alleged contract, for the reason that the contract, properly construed, does not give him royalties unless and until gross profits shall accrue to the complainant from the manufacture and sale of the sockets. The bill prays, in the alternative, that, in case the court shall sustain the contention of the respondent in the suit at law, then there may be a decree that the contract be reformed to show the true agreement between the parties or that it be canceled.

1. Do the allegations in the bill warrant the court in exercising its jurisdiction in equity to reform the written contract on ground of the mutual mistakes of the parties, or to decree its cancellation?

Upon this point it is not necessary to construe the written contract declared upon in the action at law and set out in the bill. All questions relating to the construction of the contract, and to failure of consideration for the payment of royalties under it, are clearly cognizable at law. For the purpose of considering those aspects of the bill which relate to the reformation or cancellation of the contract, let us assume that the contract is to be interpreted as alleged by the respondent. The allegations which look to a reformation of the contract are as follows:

In paragraph 2 the complainant refers to a certain contract of employment, and then proceeds:

"Your orator made a further agreement with defendant relating only to electric incandescent lamp sockets, defendant's patent for a certain slight improvement therein, No. 692,458, of February 4, 1902, to which, or a certified copy of which, your orator craves leave to refer, and prospective improvements by him thereon necessary to make his patented socket merchantable; and a memorandum thereof made in behalf of orator by its president, since deceased, and its general manager was reduced to writing, signed, and dated May 20, 1902, a copy whereof is hereunto annexed as part of this bill.

"In and by said agreement and contract as to sockets, and in and by its reduction to writing in said written contract, hereinafter called the 'socket contract,' your orator intended to undertake and agree, and as it is advised did undertake and agree, to pay, and defendant agreed to claim and receive, the royalty therein mentioned, namely, '15 per cent. of the gross profits resulting to it from the manufacture and sale of said sockets,' only in case it should actually manufacture sockets covered by defendant's said letters patent, sell the same, and receive some 'gross profits' therefrom; and any payment of a royalty of 15 per cent. of 'gross profits' under said socket contract was dependent upon receipt by your orator of 'gross profits' from its actual manufacture and sale thereof."

It is also alleged at the end of the ninth paragraph:

"The defendant is proceeding at law against your orator to establish a different meaning of, and different liability under, said socket contract as the same is worded; and that, if defendant has a right. to so . proceed at law upon the said socket contract so worded, then your orator has a right in equity to have said socket contract reformed, in order that it may plainly state the real agreement between the parties."

The prayer of the bill relating to this subject is that:

"Said contract may be decreed to be reformed to show the true agreement that no royalties were to become due thereunder unless and until 'gross profits' should accrue to orator from the manufacture and sale of said sockets, or that, in the alternative, said socket contract. may be decreed to be delivered up to your orator to be canceled."

From a careful reading of these allegations it will be seen that the complainant pleads an agreement made by the parties, a memorandum of which was reduced to writing and is made a part of this bill; and it appears, further, that this is the memorandum sued upon in the action at law. The obvious meaning of the first part of the second paragraph seems to be that whatever agreement was entered into by the parties was reduced to writing, and is the written agreement sued upon in the action at law, and brought before the court in this bill of complaint. The complainant does not plead that there was a prior contract which constituted the true agreement of the parties, although the bill suggests this in the ninth paragraph and in the prayer for relief. It may be that the learned counsel for the complainant intended to set up an oral agreement, and to say substantially that the written contract was intended to be made in pursuance of this oral agreement, which, by mutual mistake, was not reduced to writing. By some inadvertence he has failed to do this in sufficiently explicit language to comply with the rules of pleading in the federal courts. Nor has the pleader set out in clear terms, under another alternative, that there was no meeting of the minds of the parties; that the written contract was expressed in terms different from what the complainant understood to be the antecedent oral agreement; that by its being so written down an unconscionable contract and a case of great hardship have resulted; and that hence the court should grant a cancellation of the written contract. The double aspect of the bill is within the rules of the federal court. Bills are properly framed so that, if the court cannot grant relief to the complainant on one view of his case, it may afford him assistance in another. Story's Equity Pleading, 426; Hobson v. McArthur, 16 Pet. 182, 195, 10 L. Ed. 930; Shields v. Barrow, 17 How. 130, 15 L. Ed. 158.

It is true that, under our liberal rules of pleading in equity, material facts may be set forth in terms reasonably certain in their import; and sometimes, where an essential fact appears by necessary implication, such a statement of the fact is good, even as against a demurrer. But relief cannot be granted for facts not charged with reasonable distinctness, although they may be suggested in the bill; for the old rule still prevails that pleadings must be taken most strongly against the pleader. It is for the protection of both complainant and respondent that, before proceeding to proofs, the bill should present clearly every

issue to be raised; otherwise, great hardships may be met in presenting the proofs; and difficult questions may arise in framing the decree; for the decree can only be secundum allegata et probata. Story's Equity Pleading, 257 et seq. Where a bill is framed with a double aspect, it is always necessary, although it is sometimes difficult, to state separately and distinctly each different aspect of the bill. Foster's Fed. Practice, 202; Story's Equity Pleading, 254.

In the bill before me, the mutual mistake, suggested under one aspect, is not made reasonably certain, even by necessary implication. Nor do the pleadings clearly present a state of facts where a merely unilateral mistake has been made, but where the contract was written down differently from the complainant's intention, and thereby an unconscionable agreement has resulted, or a great hardship has been caused. Either of these aspects should be set out with distinctness, in order to be cognizable in equity, and in order that a suitable decree may finally be drawn; for the jurisdiction of the court in such matters is always exercised with caution, and only in cases where the pleadings are distinct and the proof is entirely satisfactory. Story's Equity Jurisprudence (Bigelow's Notes) 146; Ivinson v. Hutton, 98 U. S. 79, 25 L. Ed. 66; Finley v. Lynn, 6 Cranch, 249, 3 L. Ed. 211; Oliver v. Insurance Co., 2 Curt. 295, Fed. Cas. No. 10,498; Daniel v. Mitchell, 1 Story, 172, Fed. Cas. No. 3,562; Goddard v. Jeffrey, 51 L. J. Ch. 57. Under any aspect, the bill in the case at bar does not present sufficient allegations either for reformation or cancellation of the contract. As I have pointed out, the language of paragraph 9, and of the prayer, suggests what the pleader may have had in mind; but by some inadvertence he has not, directly or by necessary implication, stated a case cognizable by an equity court.

The demurrer is sustained. Leave to amend is granted to the complainant. All questions of costs on demurrer are reserved until the final decree.