**R. B. HOMER LUMBER CO. v. BRYANT.**
**No. 3373.**

Circuit Court of Appeals, Fourth Circuit.
Nov. 29, 1932.

132

Daniel B. Leonard, of Baltimore, Md. (Edward H. Burke and Bowie & Burke, all of Baltimore, Md., on the brief), for appellant.

Rignal W. Baldwin, Jr., and Edwin F. A. Morgan, both of Baltimore, Md. (Bryan & Campbell, of Wilmington, N. C., and Semmes, Bowen & Semmes, of Baltimore, Md., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and PAUL, District Judge.

## NORTHCOTT, Circuit Judge.

This is an appeal from a judgment entered in the District Court of the United States for the District of Maryland against appellant, who was the defendant below (who hereinafter will be referred to as the defendant), in the sum of $3,332.52.

The action was brought by appellee, who is a resident of the state of North Carolina, for the balance of the purchase price of lumber alleged to have been bought by the defendant under the terms of a written contract annexed to the declaration. The defendant pleaded the general issue, filed setoff and counterclaim, and also filed a plea setting out that said written contract was not the real contract between the parties, and asking that instrument be reformed so as to express the alleged real agreement. To this equitable plea plaintiff filed a demurrer and moved to dismiss and strike out same.

The judge below sustained the demurrer to the plea asking reformation of the contract, and at the trial the jury returned a verdict for the plaintiff in the above sum. The sole error assigned was the action of the court in sustaining the demurrer to the plea, and that is the only issue here.

The contract for the sale of the lumber was in the form of a written order written by the president of the defendant company, and sent to the plaintiff. The terms of the contract were clear and explicit, and there was no ambiguity to be explained. Nor was there in the plea any allegation of mutual mistake or fraud or any of the usual grounds upon which reformation may be had. On the contrary, the plea alleges that the contract, was intentionally written in its terms and form by the president of the defendant company, and expressly negatives the fact that there was any mistake, either of law or fact. It is only alleged in the plea that the order was given as agent of the plaintiff and not as purchaser, and that the plaintiff was fully informed and understood the fact.

Here is no case for equitable reformation. As was said in the case of United States v. Ames, 99 U. S. 35, 46, 25 L. Ed. 295: "Courts of equity may compel parties-to execute their agreements, but they have no power to make agreements or to alter those which have been understandingly made."

There is a long line of decisions, and we know of none to the contrary, laying down two rules that govern the reformation of written instruments. As was quoted with approval by Judge Soper in Newport News Shipbuilding & Dry Dock Co. v. Isherwood (C. C. A.) 5 F.(2d) 924, 927, from the case of Bailey v. Lisle Manufacturing Co. (C. C. A.) 238 F. 257: "But the purpose of a written contract is to furnish a record of the terms of the agreement of the parties not easily impeached, and thereby to avoid subsequent disputes and conflicting testimony and claims regarding its terms and their meaning. To accomplish this purpose, and to prevent such disputes from annulling written agreements, two rules have been firmly established in equity: First, that the burden is on the complainant to prove the mutual mistake, or the mistake of one party and the deceit, fraud, or inequitable conduct of the other, upon which he relies for a modification or avoidance of the contract; and, second, that, in view of the written record of the terms of the agreement made at the time a preponderance of the evidence is insufficient, and nothing less than evidence that is plain, and convincing beyond reasonable controversy will constitute such proof as will warrant a modification or reformation of a written agreement." See, also, Southern Surety Co. v. Plott (C. C. A.) 28 F.(2d) 698; Wichita

Petroleum Co. v. Winant (C. C. A.) 295 F. 67; Grieb v Equitable Life Assurance Society (C. C.) 189 F. 498; Electric Goods Mfg. Co. v. Koltonski (C. C.) 171 F. 550; Willard v. Davis (C. C.) 122 F. 363; Hare & Chase v. National Surety Co. (D. C.) 49 F.(2d) 447; Denver & S. L. R. Co. v. Moffat Tunnel Improvement District et al. (C. C. A.) 45 F.(2d) 715.

The plea itself was not specific or definite enough to warrant reformation even had a proper case been made for that relief. It does not furnish the court with information that would be indispensable were the contract to be reformed such as, for instance, the name of the party that was claimed by the defendant to be the real purchaser of the lumber. It is true that the plea charges that the plaintiff "was fully informed" as to this fact, but that would not be sufficient to enable the court to enter a decree specifically reforming the contract. A plea asking for equitable relief in the form of reformation of a written contract should be specific enough to enable the court to say in its decree just what the contract was.

In the trial of the case every defense that could have been interposed by the alleged actual purchaser was actually made by the defendant, and under the unusually clear and cogent charge of the trial judge was passed on by the jury.

There was no error, and the judgment of the court below is affirmed.